Samuel H. Hofstadter, J.
The petitioners having instituted this proceeding under article 78 of the Civil Practice Act to annul an order of the Waterfront Commission of New York Harbor revoking temporary permits issued to them and denying applications for licenses as hiring agents made on their behalf by their employer, the respondents commissioners have cross-moved on the return of the application to dismiss the proceeding on the grounds (1) that the court does not have jurisdiction of the subject matter, (2) that the petitioners do not have standing to maintain the proceeding, and (3) that the petition does not state facts sufficient to entitle the petitioners to relief. Obviously the cross motion must be considered at the outset for, if the commission’s position is well taken, especially with respect to the absence of standing of the petitioners, there will be no need to weigh the merits.
The Waterfront Commission was created pursuant to compact between the States of New York and New Jersey (L. 1953, chs. 882, 883, as amd.; Laws of New Jersey, 1953, chs. 202, 203; N. J. Stat. Anno., 32:23-1, et seq.), approved by the Congress of the United States. (67 U. S. Stat. 541.)
Application was made on behalf of the petitioners pursuant to article V of the compact by their employer for licenses to act as hiring agents. Article V provides for the making of the application for such a license by the employer of the “ prospec *419 tive licensee,” on the written application, under oath of the person proposing to employ another to act as hiring agent, ‘ ‘ verified by the prospective licensee as to the matters concerning him.” (Art. V, § 2.) If satisfied that the prospective licensee possesses the prescribed qualifications and requirements, the commission shall issue and deliver a license to him and “ shall inform the applicant of this action.” The commission may issue a temporary permit to any prospective licensee valid for not more than 30 days pending final action on an application for his license. (§ 4.) No person may be licensed to act as hiring agent for more than one employer, except at a single pier or other waterfront terminal (§5) and a license granted continues “ through the duration of the licensee’s employment by the employer who shall have applied for his license ” (§ 6). A license may be revoked or suspended or the licensee may be reprimanded for any of various enumerated offenses (§ 7).
Article XI entitled “ Hearings, Determinations and Review ” prescribes the procedure both for the initial issuance and for the later revocation or suspension of a license. It declares at the outset (§1) that “ The commission shall not deny any application for a license or registration without giving the applicant or prospective licensee reasonable prior notice and an opportunity to be heard. ’ ’ The petitioners in this proceeding are self-evidently prospective licensees within the meaning of the compact and as such were entitled to reasonable notice and an opportunity to be heard before the applications for their licenses were denied. It is provided further that an application for a license may be denied only “ in the manner prescribed in this article.” (§2.) The action of the commission in denying any application for a license or in suspending or revoking a license and in other instances shall be subject to “ judicial review by a proceeding instituted in either state at the instance of the applicant, licensee ”. (§ 7.)
It is the contention of the Waterfront Commission that here the employer, not the prospective licensee, is the applicant for the license and that the act permits judicial review of the denial of an application for a license solely at the instance of the employer applicant. In my opinion this contention may not be upheld. It runs counter to the underlying philosophy of the act which is to afford the “ prospective licensee ” a hearing before he may be denied a license. The stake of the employee, the person in the position of the petitioners, seeking a license as a hiring agent, in the outcome of the hearing at which the application for his license may be denied, is certainly equal to if not greater than that of the employer applicant. No license may be *420 granted unless the commission is satisfied that he, the prospective licensee, not the employer “ possesses good character and integrity ’’ (art. V, § 3). In this case the applications for licenses were denied and the temporary permits revoked for alleged offenses in violation of the compact and the commission’s regulations. The right to a hearing assured the prospective licensee before a license may be denied him would be rendered nugatory, were the right to institute a judicial proceeding for the review of the denial lodged in the employer alone. The statutory promise to the prospective licensee of a hearing as a condition precedent to the denial of a license can be given vitality only if the provision for judicial review ‘ ‘ at the instance of the applicant, licensee ’ ’ is held to include either expressly or by necessary implication the ‘ prospective licensee ’ ’. A reading by which the right to seek judicial review of the denial is withheld from the prospective licensee, the person most directly concerned and whose livelihood may well depend on the outcome, is so hostile to the entire scheme that it should not be adopted unless the language admits of no other interpretation. I find no such compulsion here either in the language itself or in the circumstance that the application is made by the employer and that the license continues during the licensee’s employment by the employer-applicant.
Another consideration makes for the same result. It could hardly be argued in the face of the explicit language of the act that if such a license held by a hiring agent were revoked or suspended he, as the licensee, would not have the right himself to bring a proceeding to review the revocation or suspension, despite the fact that the license had been initially issued on the application of the employer. Yet the consequences to him are practically the same, whether he is a licensee or a prospective licensee. It would be utterly anomalous to hold that he had the right to obtain judicial review in one case and not in the other. I rule, therefore, that the petitioners have standing to maintain the proceeding and that they are proper parties. It follows that the court has jurisdiction of the subject matter.
The petition states sufficient facts to invite judicial inquiry. While it is not as clear as it might be, nevertheless read liberally, as it should be, it, in effect, asserts that the petitioners were deprived of a genuine hearing. They say that both their employer and they were charged with the offenses and that, though there was a conflict of interest, their employer undertook to have his lawyer represent both them and him and that, as a result, their interests were sacrificed to those of the employer and that, without their authorization, pleas of guilty were *421 entered for them to enable the employer to make an arrangement for withdrawal of more serious charges lodged against him. Whether the claims so made are borne out remains for further inquiry. It is sufficient for present purposes that the case so stated calls for judicial scrutiny.
The cross motion to dismiss the petition is, therefore, denied. As indicated on the argument, the respondents may answer to the merits within 10 days after service of a copy of this order with notice of entry. The temporary stay granted on the argument is continued as then indicated.